**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CASESTACK, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **23-cv-00214** |
| | ) | |
| **THE KOREX CORPORATION,** | ) | **Honorable Elaine E. Bucklo** |
| | ) | |
| **Defendant.** | ) | **Magistrate Judge Hon. Heather K.** |
| | ) | **McShain** |
| | ) | |

---

| | | |
|---|---|---|
| **THE KOREX CORPORATION,** | ) | |
| | ) | |
| **Counterplaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CASESTACK, LLC,** | ) | |
| | ) | |
| **Counterdefendant.** | ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

The Korex Corporation ("Korex") for its answer to the complaint filed by CaseStack, LLC ("CaseStack") states:

### JURISDICTION, VENUE AND THE PARTIES

1. Korex is a Michigan corporation doing business in Illinois. Korex manufactures consumer products, including, but not limited to dishwasher detergents.

   **Answer:** Korex admits the allegations in this paragraph.

2. CaseStack is a Delaware corporation doing business in Illinois. CaseStack arranges freight transportation for companies in the consumer-packaged goods industry.

   **Answer:** Korex lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, thus, denies the same.

1

3. This court has jurisdiction over Defendants under 735 ILCS 5/2-209.

    **Answer:**   The allegations in this paragraph constitute legal conclusions to which a response is not required.

4. Venue is proper in DuPage County, Illinois pursuant to 735 ILCS 5/2-102(a) because the parties provide services and do business in DuPage County, Illinois.

    **Answer:**   The allegations in this paragraph constitute legal conclusions to which a response is not required.

5. All conditions precedent to the filing of this lawsuit have occurred, are deemed waived, excused, or are otherwise satisfied.

    **Answer:**   The allegations in this paragraph constitute legal conclusions to which a response is not required.

## BACKGROUND ALLEGATIONS

6. From May of 2022 through October of 2022, CaseStack provided certain freight logistics services to Korex, which are governed by a Master Service Agreement and Terms of Service for transportation and logistics management services ("the Agreement"). The terms and conditions of the Agreement were accepted by Korex. A true and correct copy of the Agreement is attached hereto and incorporated by reference as **Exhibit A.**

    **Answer:**   Korex admits the allegations in this paragraph.

7. CaseStack fully performed the services it was obligated to provide to Korex in accordance with the terms of the Agreement.

    **Answer:**   Korex denies the allegations in this paragraph.

8. Korex accepted the services and received the benefit of the same.

    **Answer:**   Korex admits that it received certain services from CaseStack; however, Korex

denies that CaseStack performed in accordance with the terms of the Master Service Agreement and Terms of Service. Korex denies all allegations not otherwise admitted.

9.  Korex has failed to perform under the Agreement as it failed to pay for some of the services provided by CaseStack. A true and correct copy of a ledger of all unpaid invoices as well as a true and correct copy of the invoice for the service provided is attached hereto and incorporated by reference as **Exhibit B.**

**Answer:** Korex denies the allegations in this paragraph.

**COUNT I - BREACH OF CONTRACT**

10. CaseStack incorporates and re-alleges paragraphs 1-9 of this complaint as if fully set forth herein.

**Answer:** Korex incorporates and restates its answers to paragraphs l-9 of this complaint as if fully set forth herein.

11. Korex breached the Agreement by, among other things, failing to pay CaseStack for the services it provided and the costs it advanced pursuant to the Agreement. *See* **Exhibit A.**

**Answer:** Korex denies the allegations in this paragraph.

12. As a result of Korex's breach of the Agreement, CaseStack has suffered damages in excess of $773, 078.64, the exact amount to be proven at trial. *See* **Exhibit B.**

**Answer:** Korex denies the allegations in this paragraph.

13. CaseStack has retained the undersigned to represent it in this matter and pursuant to Section 3.7 of the Terms of Service, Korex must pay for said fees. *See* **Exhibit A.**

**Answer:** Korex lacks knowledge or information sufficient to form a belief about the truth of the allegation that Casestack has retained the undersigned to represent it in this

matter and pursuant to Section 3.7 of the Terms of Service. Korex otherwise denies the allegations in this paragraph.

WHEREFORE, Korex Corporation prays that the Court enter judgment in its favor on Count I of the Complaint and against Casestack, LLC, award it its attorneys' fees and cost, and grant other just relief.

## COUNT II-OPEN ACCOUNT

14. CaseStack incorporates and re-alleges paragraphs 1-9 of this Complaint as if fully set forth herein.

    **Answer:** Korex incorporates and restates its answers to paragraphs l-9 of this Complaint as if fully set forth herein.

15. Korex owes CaseStack the sum of $773,078.64 for services rendered and invoices. *See* **Exhibit B.**

    **Answer:** Korex denies the allegations in this paragraph.

16. CaseStack has demanded payment and Korex has failed and refused to pay. A true and correct copy of the November 2, 2022, demand letter is attached hereto and incorporated by reference as **Exhibit C.**

    **Answer:** Korex admits that Casestack demanded payment, but otherwise denies the allegations in this paragraph.

17. To date Korex has failed and refused to remit the sum due and owing.

    **Answer:** Korex denies the allegations in this paragraph.

WHEREFORE, Korex Corporation prays that the Court enter judgment in its favor on Count II of the Complaint and against Casestack, LLC, award it its attorneys' fees and cost, and grant other just relief.

## COUNT III - ACCOUNT STATED

18. CaseStack incorporates and re-alleges paragraphs l-9 of this Complaint as if fully set forth herein.

    **Answer:** Korex incorporates and restates its answers to paragraphs l-9 of this Complaint as if fully set forth herein.

19. Before filing this action, CaseStack and Korex had business transactions between them which resulted in Korex owing CaseStack the sum of $773,078.64. These amounts are reflected in the invoices CaseStack issued to Korex for services rendered. *See* **Exhibit B.**

    **Answer:** Korex admits that Casestack demanded payment, but otherwise denies the allegations in this paragraph.

20. CaseStack tendered invoices to Korex for services rendered and amounts owed and Korex did not object.

    **Answer:** Korex denies the allegations in this paragraph.

21. Of the $773,078.64 owed on the account, Korex has paid $0.00.

    **Answer:** Korex denies it owes $773,078.64 or any other sum to Casestack and otherwise denies the allegations in this paragraph.

22. Korex owes $773,078.64 that is immediately due with interest on the account since at least May of 2022.

    **Answer:** Korex denies the allegations in this paragraph.

23. CaseStack has demanded payment and Korex has failed and refused to pay. *See* Exhibit C.

    **Answer:** Korex admits that Casestack demanded payment, but otherwise denies the allegations in this paragraph.

    WHEREFORE, Korex Corporation prays that the Court enter judgment in its favor on

Count III of the Complaint and against Casestack, LLC, award it its attorneys' fees and cost, and grant other just relief.

## COUNT IV - UNJUST ENRICHMENT

24. CaseStack incorporates and re-alleges paragraphs 1-9 of this Complaint as if fully set forth herein.

    **Answer:**    Korex incorporates and restates its answers to paragraphs l-9 of this Complaint as if fully set forth herein.

25. This is an action for unjust enrichment in excess of $773,078.64 in the event there is an infirmity with CaseStack's claims at law.

    **Answer:**    The allegations in this paragraph constitute legal conclusions to which a response is not required.

26. CaseStack conferred a benefit to Korex with Korex's knowledge and consent and with the expectation that CaseStack would be paid for the same.

    **Answer:**    Korex denies the allegations in this paragraph.

27. Specifically, CaseStack provided transportation logistics services to Korex. Said services and advances ensured that Korex's products were transported to the destination required by Korex.

    **Answer:**    Korex denies the allegations in this paragraph.

28. Korex knowingly and voluntarily accepted and retained the benefit of CaseStack's services.

    **Answer:**    Korex denies the allegations in this paragraph.

29. The reasonable value of the services and advances provided by CaseStack that remain unpaid is in excess of $773,078.64, the exact amount to be proven at trial.

    **Answer:**    Korex denies the allegations in this paragraph.

30. The circumstances are such that it would be inequitable for Korex to retain the benefits of

CaseStack's services without being compelled to pay CaseStack for the same.

**Answer:** Korex denies the allegations in this paragraph.

31. Despite issuing a demand, Korex has refused to pay CaseStack for the services rendered.

**Answer:** Korex admits that Casestack demanded payment, but otherwise denies the allegations in this paragraph.

32. As a result of non-payment, Korex has been damaged and Korex has been unjustly enriched and benefited from the damage, harm and to the detriment of CaseStack.

**Answer:** Korex denies the allegations in this paragraph.

WHEREFORE, Korex Corporation prays that the Court enter judgment in its favor on Count IV of the Complaint and against Casestack, LLC, award it its attorneys' fees and cost, and grant other just relief.

## COUNT V - QUANTUM MERUIT

33. CaseStack incorporates and re-alleges paragraphs 1-9 of this Complaint as if fully set forth herein.

**Answer:** Korex incorporates and restates its answers to paragraphs l-9 of this Complaint as if fully set forth herein.

34. This is an action for damages in quantum meruit brought in the alternative in the event there is an infirmity with CaseStack's claim at law.

**Answer:** The allegations in this paragraph constitute legal conclusions to which a response is not required.

35. CaseStack provided a benefit in the form of services to Korex.

**Answer:** Korex denies the allegations in this paragraph.

36. Specifically, CaseStack provided transportation logistics services to Korex, and transported

loads tendered by Korex to locations at the direction of and on behalf of Korex.

**Answer:**   Korex denies the allegations in this paragraph.

37. Korex requested said services, assented to said services and advances, and received the value and benefit of said services and advances.

**Answer:**   Korex denies the allegations in this paragraph.

38. Korex knew or should have known that CaseStack expected to be compensated for its services and agreed to pay for the same.

**Answer:**   Korex denies the allegations in this paragraph.

39. CaseStack reasonably expected to be compensated in exchange for the services it rendered to Korex.

**Answer:**   Korex denies the allegations in this paragraph.

40. CaseStack provided the services and advanced costs as Korex requested and in reliance on Korex's promise to compensate for said services.

**Answer:**   Korex denies the allegations in this paragraph.

41. The reasonable value of said services that remains unpaid totals in excess of $773,078.64, the exact amount to be proven at trial.

**Answer:**   Korex denies the allegations in this paragraph.

42. CaseStack is entitled to the reasonable value of the services provided to Korex for which Korex has not yet paid.

**Answer:**   Korex denies the allegations in this paragraph.

43. CaseStack has been damaged because of Korex's non-payment.

**Answer:**   Korex denies the allegations in this paragraph.

WHEREFORE, Korex Corporation prays that the Court enter judgment in its favor on

Count V of the Complaint and against Casestack, LLC, award it its attorneys' fees and cost, and grant other just relief.

## COUNTERCLAIM

The Korex Corporation ("Korex"), for its counterclaim against CaseStack, LLC ("Casestack"), states:

1.      Korex is a Michigan corporation doing business in Illinois. Korex manufactures consumer products, including, but not limited to, dishwashing detergents.

2.      Casestack is a Delaware corporation doing business in Illinois. Casestack arranges freight transportation for companies in the consumer-packaged goods industry.

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because the parties provide services and have done in this district.

## BACKGROUND ALLEGATIONS

5.      Korex engaged Casestack to deliver goods to Walmart, which was Korex's customer under the Walmart Consolidation Program.

6.      From December 2020 through August 2022, Casestack provided certain freight logistics services to Korex under a Master Service Agreement and Terms of Service for transportation and logistics management services ("the Agreement"). A true and correct copy of the Agreement is attached to Casestack's complaint as Exhibit A and incorporated by reference.

7.      When Casestack provided freight logistics services to Korex, Casestack often delivered invoices that contained excessive and improper charges.

8.      Section 11.4.2 of the Agreement provides:

> Customer must submit a cross dock manifest, which contains a summary per inbound truck. Each inbound truck's summary should contain: (a) ship from location; (b) ship to location; (c) shipper contact name, telephone number, and email address; and for each retailer purchase order: (d) the retailer consignee's distribution center number. (e) the retailer consignee's city and state; (f) number of pallet(s); (g) retailer's purchase order number; (h) gross weight (including pallet weight); (i) Bill of Lading number; G) number of pallets per purchase order; and (k) number of cases per purchase order.

9.      The retailer's purchase order number referenced in 8 was a ten (10) digit number.

10.     Korex maintains an enterprise resource planning ("ERP") system, which contains the information set forth in ¶¶ 8 and 9 and additional details concerning the products shipped.

## COUNT I

11.     Korex realleges paragraphs 1-10 as paragraph 11 as though fully set forth in this paragraph.

12.     During the period referenced in ¶ 6, Casestack charged Korex for services under purchase orders with purchase order numbers that did not contain ten (10) digits and were, therefore, non-conforming purchase order numbers. The non-conforming purchase order numbers are not found in Korex's ERP system. Casestack often sent non-conforming purchase orders in batches. These purchase orders contained very little information about the shipment. The non-conforming purchase orders contained identical invoice dates, shipment quantities, weights, and total invoice costs. Therefore, the non-conforming purchase orders represent orders that do not exist and represent improper charges by Casestack.

13.     Casestack has breached the Agreement by charging Korex for purchase orders containing non-conforming purchase order numbers that do not exist.

14.     Casestack's overcharges for non-conforming purchase orders equal $74,437.07, or the amount proven at trial.

15.     Korex has made a demand on Casestack that Casestack provide credits and payment to

allow Korex to recover for Casestack's multiple breaches of the Agreement.

16.     Despite demand, Casestack has failed to provide credits and payment to Korex.

WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in its favor and against CaseStack, LLC for $74,437.07 plus costs of suit, attorneys' fees, and other just relief.

## COUNT II

17.     Korex realleges paragraphs 1-10 as paragraph 17 as though set forth in this paragraph.

18.     Casestack charged Korex under purchase orders which Korex did not submit as indicated by the purchase orders not being contained in or issued from Korex's ERP system and, thus, are not legitimate purchase orders.

19.     Casestack breached the Agreement by charging Korex under different-numbered invoices relating to identical purchase order numbers that have already shipped and been paid for by Korex.

20.     Casestack's overcharges for non-existent purchase orders equal $140,338.78, or the amount proven at trial.

21.     Korex has made a demand on Casestack that Casestack provide credits and payment to allow Korex to recover for Casestack's multiple breaches of the Agreement.

22.     Despite demand, Casestack has failed to provide credits and payment to Korex.

WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in its favor and against CaseStack, LLC for $140,338.78 plus costs of suit, attorneys' fees, and other just relief.

## COUNT III

23.     Korex realleges paragraphs 1-10 as paragraph 23 as though set forth in this paragraph.

24.     Casestack charged Korex using different-numbered invoices for purchase orders Casestack had previously shipped for which Korex paid.

25.     Casestack breached the Agreement by improperly charging Korex for shipments.

26.     Casestack's overcharges using the different-numbered invoices for identical purchase order numbers equal $268,993.43, or the amount proven at trial.

27.     Korex has made a demand on Casestack that Casestack provide credits and payment to allow Korex to recover for Casestack's multiple breaches of the Agreement.

28.     Despite demand, Casestack has failed to provide credits and payment to Korex.

        WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in its favor and against CaseStack, LLC for $268,993.43 plus costs of suit, attorneys' fees, and other just relief.

## COUNT IV

29.     Korex realleges paragraphs 1-10 as paragraph 29 as though set forth in this paragraph.

30.     Casestack charged Korex for inflated quantities of items that exceeded the actual quantities Korex shipped.

31.     Casestack breached the Agreement by charging Korex for inflated quantities of items that did not match the actual quantities Korex shipped.

32.     Casestack's overcharges for inflating the quantities of items shipped equal $238,921.36, or the amount proven at trial.

33.     Korex has made a demand on Casestack that Casestack provide credits and payment to allow Korex to recover for Casestack's multiple breaches of the Agreement.

34.     Despite demand, Casestack has failed to provide credits and payment to Korex.

        WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in

its favor and against CaseStack, LLC for $238,921.36 plus costs of suit, attorneys' fees, and other just relief.

### COUNT V – In the Alternative to Count V

35.     Korex realleges paragraphs 1-10 as paragraph 45 as though set forth in this paragraph.

36.     Under Appendix A, Section 6(d)(i) of the Agreement, "Fuel surcharge is charged based on the Fuel Surcharge table as provided on www.casestack.com, unless otherwise indicated in the Schedule(s)." Accordingly, Casestack's schedules do not provide an alternative basis for calculating fuel surcharges.

37.     Instead, Casestack's website, www.casestack.com, reroutes the user to a different website, www.hubgroup.com, which does not and has never contained a fuel surcharge table.

38.     Due to the lack of a fuel surcharge table, Korex had no obligation to pay a fuel surcharge Korex identified one thousand seven hundred fifty-two (1,752) invoices containing fuel surrcharges.

39.     The invoices referenced in ¶ 38 included Seven Hundred Thirty-Seven Thousand Six Hundred Six Dollars and Ninety-Three Cents ($737,606.93) in fuel surcharges.

40.     In addition to invoices Korex received, on information and belief, Casestack made claims for fuel surcharges for the period from June 2021 to December 2021 under invoices Korex paid but does not maintain within its records. Based on Casestack's practices and on information and belief, Casestack charged Korex during June 2021 to December 2021 Three Hundred Ninety-Seven Thousand One Hundred Seventy-Two Dollars and Ninety-Six Cents ($397,172.96).

41.     Casestack breached the Agreement by charging Korex for fuel surcharges without any basis.

42.     On information and belief, the total fuel surcharges equal One Million One Hundred

Thirty-Four Thousand Seven Hundred Seventy-Nine Dollars and Eighty-Nine Cents ($1,134,779.89) from December 2020 to August 2022, or the amount proven at trial.

43.     Korex has made a demand on Casestack that Casestack provide credits and payment to allow Korex to recover for Casestack's multiple breaches of the Agreement.

44.     Despite demand, Casestack has failed to provide credits and payment to Korex.

WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in its favor and against CaseStack, LLC for $1,134,779.89 plus costs of suit, attorneys' fees, and other just relief.

### COUNT V – In the Alternative to Count V

45.     Korex realleges paragraphs 1-10 as paragraph 45 as though set forth in this paragraph.

46.     Under Appendix A, Section 6(d)(i) of the Agreement, "Fuel surcharge is charged based on the Fuel Surcharge table as provided on www.casestack.com, unless otherwise indicated in the Schedule(s)." Accordingly, Casestack's schedules do not provide an alternative basis for calculating fuel surcharges.

47.     Instead, Casestack's website, www.casestack.com, reroutes the user to a different website, www.hubgroup.com, which does not contain a fuel surcharge table.

48.     Due to the lack of a fuel surcharge table, Korex calculated the fuel surcharge using the United States Energy Information Administration's ("EIA") weekly diesel prices for the applicable region to which the invoices Casestack sent to Korex relate. Using the EIA report, Korex identified one thousand seven hundred fifty-two (1,752) invoices containing fuel overcharges. Of those invoices, eighty-seven (87) were related to duplicate purchase orders or invoices containing improper purchase order numbers. Further, four hundred eighty-one (481) of the invoices included inaccurate shipment quantities.

49.     In addition to invoices Korex received, on information and belief, Casestack made claims for fuel surcharges for the period from June 2021 to December 2021 under invoices Korex paid but does not maintain within its records. Based on Casestack's practices and on information and belief, Casestack overcharged Korex during June 2021 to December 2021 by Forty-One Thousand Four Hundred Five Dollars and Seventy-Four ($41,405.74).

50.     Casestack breached the Agreement by overcharging Korex for fuel.

51.     On information and belief, the total overcharges equal One Hundred Eighteen Thousand Three Hundred Two Dollars and Twelve Cents ($118,302.12) for fuel from December 2020 to August 2022, or the amount proven at trial.

52.     Korex has made a demand on Casestack that Casestack provide credits and payment to allow Korex to recover for Casestack's multiple breaches of the Agreement.

53.     Despite demand, Casestack has failed to provide credits and payment to Korex.

        WHEREFORE, for the preceding reasons, The Korex Corporation prays for judgment in its favor and against CaseStack, LLC for $118,302.12 plus costs of suit, attorneys' fees, and other just relief.

        The Korex Corporation demands a trial by jury.

Date: March 6, 2023                    **THE KOREX CORPORATION**


                                By:    /s/ Gregory J. Jordan
                                       One of Its Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

COUNSEL FOR THE KOREX CORPORATION